UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMARA FIELDS, THE ESTATE OF LLOYD CARL FIELDS JR. *by and through Tamara Fields as Personal Representative*, HEATHER GAVINO, THE ESTATE OF JAMES DAMON CREACH *by and through Heather Gavino as Personal Representative*, JAYEDON CREACH, JACKSON CREACH *by and through his Parent and Guardian Heather Gavino*, REYNALDO GONZALEZ, KIMBERLY HARRIS, THE ESTATE OF SEAN COPELAND *by and through Kimberly Harris as Personal Representative*, THE ESTATE OF BRODIE COPELAND *by and through Kimberly Harris as Personal Representative*, RHASIA LOVE, KHALESI LOVE, and VEDA LOVE, <br><br>Petitioners, <br><br>v. <br><br>BANK OF NEW YORK MELLON, <br><br>Respondent. | Case No. 25-cv-01948-JGK |

[~~PROPOSED~~] **FINAL TURNOVER ORDER AND JUDGMENT**

WHEREAS Petitioners Tamara Fields, the Estate of Lloyd Carl Fields Jr., Heather Gavino (formerly Heather Creach), the Estate of James Damon Creach, Jayedon Creach, Jackson Creach, Reynaldo Gonzalez, Kimberly Harris (formerly Kimberly Copeland), the Estate of Sean Copeland, the Estate of Brodie Copeland, Rhasia Love (formerly Alexandra Tucker), Khalesi Love (formerly Isabella Tucker) and Veda Love (formerly Olivia Tucker) (collectively, "Petitioners"), filed an Unopposed Motion for Entry of Final Turnover Order and Judgment (the "Motion") on September 8, 2025 relating to their Petition for Turnover Order, with respect to certain blocked funds, that Petitioners filed on March 10, 2025, (the "Turnover Petition")

1

pursuant to Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2322 (2002), codified at 28 U.S.C. § 1610 note, Rule 69 of the Federal Rules of Civil Procedure, and Sections 5225(b), 5227 and 5230 of the New York Civil Practice Law and Rules ("NYCPLR");

WHEREAS, on September 29, 2021, the U.S. District Court for the District of Columbia ("D.C. District Court") entered a judgment against the Syrian Arab Republic ("Syria") under section 1605A(c) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et seq.* ("FSIA") in the amount of $849,956,529.28 (the "Judgment") for its provision of material support to ISIS, which perpetrated the terrorist attacks that killed Petitioners' family members;

WHEREAS, on July 28, 2023 the D.C. District Court entered an order pursuant to 28 U.S.C. § 1610(c), authorizing Petitioners to seek attachment and execution to satisfy the Judgment;

WHEREAS, on February 20, 2025, the Judgment was duly registered in the U.S. District Court for the Southern District of New York. *See Fields v. Syrian Arab Republic*, No. 1:25-mc-00067, ECF Nos. 1-2 (S.D.N.Y. Feb. 20, 2025);

WHEREAS, the funds subject to the Turnover Petition (the "Subject Funds") consist of blocked funds, held by Respondent The Bank of New York Mellon ("BNY Mellon"), that are the property of Grains Middle East Trading DWL-LLC ("GMET"), a company that the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") designated under Executive Order (E.O.) 13582 of August 17, 2011, "Blocking Property of the Government of Syria and Prohibiting Certain Actions With Respect to Syria," on or about March 26, 2024 for, *inter alia*, for serving as an intermediary for STG Logistic in its shipments of Syrian commodities to overseas buyers;

2

WHEREAS, on or about March 27, 2024, BNY Mellon blocked the Subject Funds, which consisted of two transfers in the original amount of $3,753,839.73 each (for a total of $7,507,679.46), upon OFAC's designation of GMET and continues to hold the Subject Funds as of the time of this Order and Judgment;

WHEREAS, BNY Mellon has reported that, after accrued interest and fees, the two transfers were each valued at $3,756,805.12 as of July 15, 2025, meaning that the Subject Funds were valued at a total of $7,513,610.24 as of that date.

WHEREAS, as previously determined by the Court in the Order Granting Motion for Issuance of Writ of Execution, dated May 31, 2025 (ECF No. 34), Petitioners have established that GMET is an agency or instrumentality of Syria, and that Syria is a terrorist party under TRIA;

WHEREAS, the Court's May 31, 2025 Order directed the Clerk of the Court to issue a writ of execution covering the Subject Funds (the "Writ"), and the U.S. Marshal served the Writ on BNY Mellon on or about July 2, 2025;

WHEREAS, no other judgment creditor of Syria, or any other person or entity with an actual or potential interest in the Subject Funds, served BNY Mellon with a writ covering the Subject Funds before Petitioners served the Writ, and Petitioners accordingly have priority, as to the Subject Funds, vis-à-vis any other judgment creditors of Syria and any other persons or entities worldwide;

WHEREAS, as evidenced by the Proof of Notice (ECF No. 36), Petitioners have provided adequate notice of this proceeding to GMET in a manner that was "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane v. Central Hanover Bank &*

*Trust Co.*, 339 U.S. 306, 314 (1950);

WHEREAS, GMET was afforded an opportunity to object to the Turnover Petition, including to contest its designation of an agency or instrumentality of Syria, and GMET has not appeared in this action or responded to the Turnover Petition;

WHEREAS, BNY Mellon has been duly served in this matter and does not oppose the entry of this Order and Judgment;

WHEREAS, because the Subject Funds constitute blocked assets of an agency or instrumentality of terrorist party Syria, Petitioners are entitled under Section 201(a) of TRIA to a turnover judgment directing the turnover of the Subject Funds in the sum of $7,513,610.24 plus any accrued interest;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, based on the findings above, as follows:

1. The Unopposed Motion for Entry of Final Turnover Order and Judgment filed on September 8, 2025 is hereby GRANTED.

2. Judgment is hereby entered in favor of Petitioners with respect to the Subject Funds in the sum of $7,513,610.24 plus any additional interest that will have accrued.

3. BNY Mellon shall turn over to Petitioners, in partial satisfaction of the Judgment, the Subject Funds in the sum of $7,513,610.24, plus any additional interest that will have accrued, within 30 days of the date of this Order and Judgment via wire transfer to Petitioners' counsel pursuant to wire instructions to be furnished to BNY Mellon by Plaintiffs' counsel.

4. This Judgment and Order supersedes and overrides any provisions of 31 C.F.R. Part 510, and any other regulations promulgated by OFAC, or any Presidential Executive Orders that otherwise require BNY Mellon to hold the Subject Funds, or that prohibit the payment of

those funds to Petitioners, or that require a license from OFAC before the Subject Funds can be turned over in partial satisfaction of this Judgment and Order. *See e.g., Est. of Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013) ("in the event a court determines that blocked assets are subject to TRIA, those funds may be distributed without a license from OFAC"); *Weininger v. Castro*, 462 F. Supp. 2d 457, 499 (S.D.N.Y. 2006) (same).

5.  Once BNY Mellon has turned over the Subject Funds, including all accrued interest thereon, to Petitioners' counsel, BNY Mellon, including its parent company and all affiliated companies, shall be fully discharged and released under NYCPLR §§ 5209 and 6204 from any and all obligations and liability with respect to the Subject Funds, and shall be fully discharged and released from any and all obligations and liability, with respect to the Subject Funds, to Petitioners, GMET, Syria, and any other person or entity anywhere in the world.

6.  Once BNY Mellon has turned over the Subject Funds, including all accrued interest thereon, to Petitioners' counsel, Petitioners and all other persons and entities shall hereby be permanently restrained and enjoined from instituting or prosecuting any claim or action against BNY Mellon, in any court, tribunal or arbitration forum anywhere in the world, with respect to the Subject Funds.

7.  Subject only to BNY Mellon's turnover of the Subject Funds to Petitioners' counsel, the Writ obtained by Petitioners, and any other judgment enforcement devices covering or otherwise applicable to the Subject Funds, are hereby permanently terminated and deemed vacated and null and void.

8.  This Order and Judgment is intended to apply solely to the Subject Funds and is not intended to affect any other determination, in this or any other proceeding under TRIA §

201(a) or FSIA § 1610(g), involving blocked funds held by BNY Mellon.

9. This Order and Judgment is a final and appealable judgment within the meaning of Fed. R. Civ. P. 54(b), and there is no just cause for delay of the enforcement of or appeal from this Order and Judgment. This Order and Judgment finally disposes of all claims that have been, or that could have been, asserted by Petitioners or any other person or entity for the turnover of the Subject Funds.

10. This Court shall retain jurisdiction to enforce this Order and Judgment.

**SO ORDERED.**

Dated: ___9/9___, 2025

_____
United States District Judge
For the Southern District of New York

*The Clerk is directed to close this case.*

*So ordered.*
*9/9/25    G Koeltl*
*U.S.D.J.*